PAUL W. BLAKE
Attorney at Law
State Bar #94963
4045 Bonita Road, Suite 202
Bonita, California 91902
(619) 908-6429
FAX (619) 578-2805

Attorney for Defendant Alejandro Saucedo-Virgen

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA
(HON. ROGER BENITEZ)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 07-CR-3315-1-BEN |
| ) | |
| Plaintiff, ) | IN LIMINE MOTIONS PERTAINING TO TRIAL; ATTORNEY REQUESTS OPPORTUNITY TO VOIR DIRE JURY AND PROPOSED VOIR DIRE QUESTIONS |
| vs. ) | |
| ) | |
| ALEJANDRO SAUCEDO-VIRGEN, ) | |
| ) | DATE: February 11, 2008 |
| Defendant. ) | TIME: 2:00 p.m. |

**STATEMENT OF FACTS**

This statement of facts is based on the government's reports and interviews that it conducted at the time of the arrest. It is therefore subject to amplification and/or correction during the hearing on the motions in limine and/or during trial. The basic facts are, that the defendant drove a vehicle to the border. The customs inspector was suspicious upon a visual inspection wherein he looked underneath the vehicle. A canine officer utilizing a dog checked the vehicle and defendant was referred to secondary where a more complete and detailed inspection was undertaken. Three young women were removed from a compartment underneath the center of the vehicle. At the time of his interview, defendant denied any knowledge of the smuggled individuals and none of the material witnesses could identify or implicate the defendant.

1

Based on the foregoing, the defendant thereby makes the following motions in limine.

## I.

## ANY ATTEMPT BY THE GOVERNMENT TO DELIVER EXPERT TESTIMONY CONCERNING THE NATURE AND HIERARCHY OF DRUG SMUGGLING ORGANIZATIONS MUST BE EXCLUDED.

The government has represented that it has produced all of the discovery necessary to try this case and they have not presented any information or evidence of experts with respect to blind mules or modifications therein. Therefore, these cases are analogous to the drug cases wherein discussions of States v. Vallejo, 237 F.3d 1008, as amended, 246 F.3d 1150 (9th Cir. 2001); United States v. McGowan, 274 F.3d 1251 (9th Cir. 2001); United States v. Pineda-Torres, 287 F.3d 860 (9th Cir. 2002); Fed. R. Evid. 403, 704(b). If there is any attempt to introduce expert testimony, it must either be excluded or the defense must have the opportunity to question the witness prior to testimony. Likewise, any attempts by governments to use experts to render opinions must be excluded. It is also requested the court consider the example of United States v. Murillo, 255 F.3d 1169 (9th Cir. 2001), in attempting to make analogous Murillo-type expert testimony improper and proffers as evidence. It could be particularly true in view of the fact that the government has not at this juncture identified any expert witnesses to the defense and/or their qualifications. Therefore, any testimony along those lines must be excluded. We would therefore also request that the court exclude any evidence of expert testimony in pursuant to Federal Rule of Evidence section 704(b) and Federal Rule 403 if applicable. Likewise, if the government is seeking to introduce this then the court needs to hold an evidentiary hearing pursuant to Federal Rules of Evidence 104 before it is allowed.

## II.

## EVIDENCE OF "NERVOUSNESS" LACKS PROBATIVE VALUE, IS OVERLY PREJUDICIAL AND LACKS PROPER FOUNDATION

In the reports provided by the government, there was an allegation that defendant was nervous. We are asking that that be excluded as its probative value is substantially

1  outweighed by a danger of unfair prejudice pursuant to Federal Rules of Evidence 403.

2  Likewise, any admission of nervous testimony violates Rule section 701 and 704(b).

3  **III.**

4  **ANY EVIDENCE RELATING TO THE POVERTY OF THE DEFENDANT**

5  **SHOULD BE EXCLUDED AS INAPPROPRIATE FOR THE GOVERNMENT TO**

6  **ATTEMPT TO SHOW MOTIVATION**

7  It is impermissible for the prosecution to elicit testimony or to comment in any

8  fashion upon the difficult financial circumstances of the defendant.  Such comments upon

9  poverty are forbidden.  United States v. Romero-Avila, 210 F.3d 1017, 1022 n.2 (9th Cir.

10  2000).

11  **IV**

12  **NO EVIDENCE OF PRIOR CRIMES OR BAD ACTS**

13  The government has not shown that there is any 404(b) evidence against this

14  defendant as he appears to have no record whatsoever.  Should there be any at this stage of

15  discovery, we would ask that it be excluded.  There is no evidence the defendant has any

16  convictions either as to Rule 609 and therefore should he chose to testify, he cannot be

17  impeached.

18  **V**

19  **THE DEFENSE SHOULD BE ALLOWED TO USE EVIDENCE OF**

20  **DOCUMENTATION  OF A THIRD PARTY CULPABILITY IN ITS OPENING**

21  **STATEMENT**

22  There is a reference in the discovery to an individual named Rudy who arranged for

23  the use of this vehicle.  The existence of this individual should be allowed into evidence in

24  the defense case in chief and also allow defense counsel to make reference to his existence in

25  the opening statement.

26  **VI**

27  **ATTORNEY REQUESTS OPPORTUNITY TO VOIR DIRE THE JURY**

28  The defendant respectfully requests the opportunity to voir dire the jury by defense

counsel.

## VII

## ATTORNEY'S PROPOSED VOIR DIRE QUESTIONS

The defendant also wishes to submit proposed voir dire questions as follows:

1. Mr. Saucedo-Virgen is being charged with a crime that has a different standard of proof than immigration court. Is anyone uncomfortable with that idea?

2. Does anyone have such strong feelings against illegal immigration that they feel that they might be unable to weigh the evidence in this case to determine whether the government has proven its accusations?

3. Has the publicity given to illegal immigration so affected you that you it's possible that you could not be fair and impartial in this case?

4. Do you have any strong feelings about workers from Mexico who come to the U.S. with legal papers? Without legal papers?

5. What do you think happens to undocumented workers when they are caught entering the U.S. without legal papers? Yes, and...

6. Do you believe, for example, that there is a "flood" of illegal immigrants coming into the U.S. or that illegal immigrants contribute significantly to unemployment and welfare problems?

7. Much of the trial today will involve immigration law. What do you think of the current immigration laws?

8. Does anybody think that the immigration laws are too strict? Too lenient? If so how would you change them?

9. What worries you the most about our immigration laws being too lenient?

10. Does anyone believe that the immigration laws are adequate but feel that they are not enforced properly or fairly?

11. Does anyone feel that Mexican immigrants are treated differently then immigrants from other countries?

4

12. Do you think that prejudice against Mexicans is on the increase or on the decline in California? Why?

13. Do you think it is harder to enter the United States from Europe than it is from Mexico?

14. Does anyone think that anyone that wants to enter the U.S. should be able to, regardless of their citizenship? What type of restrictions should we have?

15. How many of you have been referred to secondary inspection at the border crossing from Mexico? How were you treated? Did you feel that you were pulled over because of the way you look?

16. How do you feel about profiling?

17. Is there anyone here who is not familiar with the port of entry? Is there anybody who has never traveled internationally? How many people have NEVER crossed the border?

18. Does anyone have strong feelings about undocumented people using social services?

19. Do you think that non-citizens pay taxes?

20. Does anyone think that undocumented immigrants have too many rights in the United States?

21. Does anyone think that in a criminal case, they should not have the same rights as U.S.C.s?

22. Supply and demand, does anyone here believe that the companies that employ undocumented workers are more to blame than the workers for contributing to the immigration problems in the United States. Who do you believe should be blamed? Who do you think is blamed?

23. If the Judge instructs you that the defendant is entitled to be presumed innocent, the government has the burden. Will you be able to follow those instructions knowing that the defendant was born outside the U.S. and only came to the U.S. later and became an LPR?

24. Do you think police corruption exists in Mexico?

25. Do you think that some law enforcement officials in Mexico take bribes to facilitate the immigrant smuggling?

26. Do you think that it is possible that some United States law enforcement officers are involved in taking bribes to facilitate immigrant smuggling?

27. You might hear that the defendant in this case has had contact with the immigration system prior to the offense for which he stands accused. Would anyone have trouble keeping an open mind as to the evidence presented at this trial, and for these charges, if the government does indeed present evidence of past contact with immigration officials? Would anyone feel tempted to treat the defendant differently based solely on this evidence?

28. Some people have a lot of contact with people from Mexico. Other people have very little contact with people from Mexico. How many of you have what you would say is a lot of contact with people from Mexico?

29. How many of you have little to no contact with people from Mexico?

30. Do you think that the United States spends too much money on immigration issues?

31. What do you think the primary role of the U.S. Border Patrol is? To protect us from what?

32. Until you heard what this case was about, how many of you thought that illegal immigration was a felony punishable by time in a federal prison?

33. How many of you thought that if someone came to this country illegally they were just sent back?

34. How do you feel about someone being charged with a felony for coming into this country?

35. Did you know that it's not the jury's role to decide if he stays in this country? That is the immigration court's decision. You are only here to decide of he is guilty of a felony.

36. Mr. Saucedo-Virgen is charged with a felony offense, punishable by time in prison. You are not here to decide if Mr. Saucedo-Virgen stays in the country. You're here to decide if he committed a crime. How do you feel about someone being charged with a felony for an immigration violation?

37. How many of you have traveled abroad?

38. Has anyone ever lost their passport? Imagine that you were trespassing on private

1  property while on vacation abroad and were stopped by the police. Since you had lost your
2  passport would you be afraid that you might be sent to jail? Would you worry that you might
3  have to stay in jail until your status was figured out?
4  39.    Has anyone ever been employed in a seasonal or temporary job? Have you ever
5  worked a "second" job during the off season? Why?
6  40.    Has anyone ever worked or known someone in the agriculture business? What type of
7  job did/you they have?
8  41.    Are any of you naturalized citizens? What do you think about the process of becoming
9  a citizen?
10 42.    Does anyone here have family members that were born outside the United States?  Do
11 they have a citizen certificate?  That is different than a birth certificate.
12 43.    Have you, your family members, or friends known anyone who is or has been in the
13 country illegally?
14 44.    Do any of you have friends or family members who work for the INS (DHS)? What
15 do they do? Do you discuss their work with them? Would that affect your ability to be fair
16 and impartial in this case?
17 45.    Do any of you have friends or relatives who have been deported? How long ago?
18 What were the circumstances? What do you think of their experience? Does the fact that you
19 know someone who has been deported make you more sympathetic to those facing
20 deportation?
21 46.    Is there anyone here that, although you felt that Mr. Saucedo-Virgen was not guilty
22 due to a loophole in the law, couldn't vote not guilty? (Official Restraint)
23 Dated: February 4, 2008            Respectfully submitted,
24                                     /s/  Paul W. Blake
                                       PAUL W. BLAKE
25                                     Attorney for Defendant
                                       ALEJANDRO SAUCEDO-VIRGEN
26 1:Blake\Virgen.MIL 013008.wpd
27
28

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | Counsel for Defendant certifies that the foregoing pleading is true and accurate to the |
| 3 | best of his information and belief, and that a copy of the foregoing documents: |
| 4 | **IN LIMINE MOTIONS PERTAINING TO TRIAL** |
| 5 | was served on February 4, 2008, upon the below named parties: |

**MAILING INFORMATION FOR A CASE 07-CR-3315-1-BEN**

1. **Electronic Mail Notice List**

The following are those who are currently on the list to receive email notices for this case.

Jill Burkhardt, Burkhardt.Jill@usdoj.gov, efile.dkt.gc1@usdoj.gov

Date: February 4, 2008,     /s/ Paul W. Blake
PAUL W. BLAKE
Attorney for Defendant Alejandro Saucedo-Virgen
4045 Bonita Road, Suite 202
Bonita, California 91902
(619) 908-6429 (tel)
(619) 578-2805 (fax)
paulwblake@cox.net