COURT'S INSTRUCTION NO. 1

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.



FILED

FEB 1 5 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Jury Instructions
07cr3315 - BEN

07CR3315-BEN

COURT'S INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are to be received into evidence; and

(3)     any facts to which all the lawyers stipulate.

07CR3315-BEN

COURT'S INSTRUCTION NO. 3

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1.     statements and arguments of the attorneys;

2.     questions and objections of the attorneys;

3.     testimony that I instruct you to disregard; and

4.     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

4

07CR3315-BEN

COURT'S INSTRUCTION NO.  4

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

07CR3315-BEN

COURT'S INSTRUCTION NO. 5

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

07CR3315-BEN

1

COURT'S INSTRUCTION NO.  6

2

3    There are rules of evidence which control what can be received into evidence. When

4    a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side

5    thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule

6    the objection, the question may be answered or the exhibit received. If I sustain the objection,

7    the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an

8    objection to a question, you must ignore the question and must not guess what the answer

9    would have been.

10    Sometimes I may order that evidence be stricken from the record and that you

11    disregard or ignore the evidence. That means that when you are deciding the case, you must

12    not consider the evidence which I told you to disregard.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07CR3315-BEN

COURT'S INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

COURT'S INSTRUCTION NO. 8

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

9

COURT'S INSTRUCTION NO. 9

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the court room.

Whether you take notes or not, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

07CR3315-BEN

COURT'S INSTRUCTION NO. *10*

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The Government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the Government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room and deliberate on your verdict.

07CR3315-BEN

COURT'S INSTRUCTION NO. *11*

Languages other than English may be used during this trial. The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning of the non-English words.

12

COURT'S INSTRUCTION NO. *12*

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including you fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the bailiff or clerk to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

07CR3315-BEN

COURT'S INSTRUCTION NO. *13*

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Most often these conferences will involve determination as to whether evidence is admissible under the rules of evidence. It is appropriate to take these matters up outside the presence of the jury. Should I conclude that a more prolonged discussion is necessary I may excuse you from the courtroom.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

14

07CR3315-BEN

COURT'S INSTRUCTION NO. 14

The court has decided to accept as proved the fact that the Otay Mesa Port of Entry is located in the Southern District of California, even though no evidence has been introduced on the subject. You may, but are not required to, accept this fact as true.

15

07CR3315-BEN

COURT'S INSTRUCTION NO. 15

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

COURT'S INSTRUCTION NO. *16*

The Indictment is not evidence.  The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charge beyond a reasonable doubt.

07CR3315-BEN

COURT'S INSTRUCTION NO. *17*

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

07CR3315-BEN

1

COURT'S INSTRUCTION NO. _18_

2

3          The defendant has testified. You should treat this testimony just as you would the

4    testimony of any other witness.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07CR3315-BEN

COURT'S INSTRUCTION NO. *19*

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated.

07CR3315-BEN

COURT'S INSTRUCTION NO. 70

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

COURT'S INSTRUCTION NO. *2/*

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

07CR3315-BEN

COURT'S INSTRUCTION NO. 22

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case and any bias or prejudice;

5.  whether other evidence contradicted the witness's testimony;

6.  the reasonableness of the witness's testimony in light of all the evidence; and

7.  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

07CR3315-BEN

COURT'S INSTRUCTION NO.  23

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

07CR3315-BEN

COURT'S INSTRUCTION NO. 24

The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know the non-English language used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning of the non-English words.

07CR3315-BEN

COURT'S INSTRUCTION NO. 25

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

07CR3315-BEN

COURT'S INSTRUCTION NO. 26

The defendant is charged in Counts 1, 3 and 5 of the indictment with bringing an alien into the United States for the purpose of commercial advantage and private financial gain in violation of Section 1324(a)(2)(B)(ii) of Title 8 of the United States Code.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant brought a person who was an alien into the United States for the purpose of commercial advantage or private financial gain;

Second, the defendant knew or was in reckless disregard of the fact that the person was an alien who had not received prior official authorization to come to, enter or reside in the United States;

Third, the defendant acted with the intent to violate the United States immigration laws.

An alien is a person who is not a natural-born or naturalized citizen of the United States.

The term "private financial gain" means any economic benefit.

07CR3315-BEN

1

2

COURT'S INSTRUCTION NO. **27**

3

4   A defendant may be found guilty of bringing in an illegal alien for financial gain, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.

5

6   To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

7

8   First, that some individual(s) knowingly and intentionally caused defendant to bring <u>Imelda Paez-Reyes, Blanca Padilla-Gomez, and Maria Del Rocio Juarez-De Dios</u> to the United States in the Southern District of California on or about <u>November 11, 2007:</u>

9

10   Second, that the above-listed persons are aliens who had not received prior official authorization to come to, enter, or reside in the United States;

11

12   Third, that at the time the individual(s) caused defendant to bring the above-listed persons to the United States, they knew or acted in reckless disregard of the fact that the above-listed persons were aliens who had not received prior official authorization to come to, enter, or reside in the United States;

13

14   Fourth, that the individual(s) caused defendant to bring the above-listed person to the United States for the purpose of personal commercial advantage or personal private financial gain;

15

16   Fifth, that the individual(s) acted with the intention of violating the immigration laws of the United States;

17

18   Sixth, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the crime of bringing in an alien for financial gain; and

19   Seventh, the defendant acted before the crime was completed.

20   It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

21

22   The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime of bringing in an illegal alien for financial gain.

23

24   The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

25

26

27

28

30

07CR3315-BEN

COURT'S INSTRUCTION NO. 28

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

07CR3315-BEN

1

COURT'S INSTRUCTION NO. 29

2

3

4

        The defendant is charged in Counts 2, 4 and 6 of the indictment with bringing an
5   alien into the United States without immediate presentation of the alien to an appropriate
    immigration officer at a designated port of entry in violation of Section 1324(a)(2)(B)(iii)
6   of Title 8 of the United States Code.

7

        In order for the defendant to be found guilty of that charge, the government must
8   prove each of the following elements beyond a reasonable doubt:

9       First, the defendant brought the person named in the count, who was an alien, into
    the United States and upon arrival did not immediately bring and present the alien to an
10  appropriate immigration official at a designated port of entry;

11      Second, the defendant knew or was in reckless disregard of the fact that the person
    was an alien who had not received prior official authorization to come to, enter, or reside
12  in the United States; and

13      Third, the defendant acted with the intent to violate the United States immigration
    laws.

14
        An alien is a person who is not a natural-born or naturalized citizen of the United
15  States.

16

17

18

19

20

21

22

23

24

25

26

27

28

07CR3315-BEN

1

2

COURT'S INSTRUCTION NO. 30

3    Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the

4    defendant is guilty. It is not required that the government prove guilt beyond all possible

5    doubt.

6    A reasonable doubt is a doubt based upon reason and common sense and is not based

7    purely on speculation. It may arise from a careful and impartial consideration of all the

8    evidence, or from lack of evidence.

9    If after a careful and impartial consideration of all the evidence, you are not convinced

10   beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not

11   guilty. On the other hand, if after a careful and impartial consideration of all the evidence,

12   you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to

13   find the defendant guilty.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07CR3315-BEN

1

COURT'S INSTRUCTION NO. 3 /

2

3

4

The indictment charges that the offense alleged was committed "on or about" a

5

certain date.

6

Although it is necessary for the Government to prove beyond a reasonable doubt

7

that the offense was committed on a date reasonably near the date alleged in the

8

indictment, it is not necessary for the Government to prove that the offense was committed

9

precisely on the date charged.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07CR3315-BEN

1

COURT'S INSTRUCTION NO.  **3/**

2

3        When you begin your deliberations, you should elect one member of the jury as
your foreperson.  That person will preside over the deliberations and speak for you here in
4   court.

5        You will then discuss the case with your fellow jurors to reach agreement if you
can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

6        Each of you must decide the case for yourself, but you should do so only after you
have considered all the evidence, discussed it fully with the other jurors, and listened to
7   the views of your fellow jurors.

8        Do not be afraid to change your opinion if the discussion persuades you that you
should.  But do not come to a decision simply because other jurors think it is right.

9        It is important that you attempt to reach a unanimous verdict but, of course, only if
each of you can do so after having made your own conscientious decision.  Do not change
10   an honest belief about the weight and effect of the evidence simply to reach a verdict.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

34

07CR3315-BEN

COURT'S INSTRUCTION NO. 3 2

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be–that is entirely for you to decide.

07CR3315-BEN

1

2

COURT'S INSTRUCTION NO. 33

3      Some of you have taken notes during the trial. Whether or not you took notes, you

4  should rely on your own memory of what was said. Notes are only to assist your memory.

5  You should not be overly influenced by the notes.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07CR3315-BEN

1
2

COURT'S INSTRUCTION NO. 34

3       The punishment provided by law for this crime is for the court to decide.  You may

4  not consider punishment in deciding whether the Government has proved its case against

5  the defendant beyond a reasonable doubt.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

07CR3315-BEN

COURT'S INSTRUCTION NO. 35

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the bailiff that you are ready to return to the courtroom.

07CR3315-BEN

COURT'S INSTRUCTION NO. *36*

If it becomes necessary during your deliberations to communicate with me, you may send a note through the baliff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, on the question of the guilty of the defendant, until after you have reached a unanimous verdict or have been discharged.

07CR3315-BEN