# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ALEJANDRO SAUCEDO-VIRGEN, | Case Nos. 10cv263 BEN |
| --- | --- |
| Petitioner, | 07cr3315 BEN |
| vs. | **ORDER DENYING § 2255 MOTION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## INTRODUCTION

Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence. The Government was ordered to file a response. Petitioner did not file a Traverse. Having reviewed the answer and the records in this case, the Court finds no evidentiary hearing is necessary and denies the motion.

## DISCUSSION

Petitioner, a citizen of Mexico, was tried by a jury and found guilty of six counts of alien smuggling in violation of 18 U.S.C. § 1324(a)(2)(B), and sentenced to six concurrent 60-month prison sentences. The judgment was affirmed on appeal with the court of appeals independently reviewing the record and finding "no arguable grounds for relief." Petitioner now contends that his attorney provided ineffective assistance and that his sentence should have been less severe.

The first contention is that his attorney's investigation "was not strong enough to represent

1  the defendant." This contention is too general. Petitioner offers no supporting facts and no
2  supporting evidence. At trial, defense counsel cross-examined government witnesses and put
3  Petitioner on the witness stand to tell his side. Petitioner testified that he did not know that there
4  were three aliens hidden under the minivan he was driving into the United States. He testified
5  that he had simply borrowed the minivan the morning of the arrest and that he had borrowed the
6  vehicle from a neighbor. He testified that the other man had lived in his neighborhood for 26
7  years and that they had talked of borrowing a car the evening before over drinks and gambling.
8  He testified that he did not know that the neighbor was part of an alien smuggling operation. And
9  he explained to the jury that he simply needed a car to cross the border to go to a Wal-Mart store
10 to buy an Xbox for his brother. In short, Petitioner's attorney put on an adequate defense. The
11 first contention is without merit.

12 He next contends that there were important phone calls made from his cell phone that his
13 attorney should have mentioned in the trial. Again, Petitioner does not offer specifics about the
14 calls or their importance. Moreover, at trial, evidence was introduced that Petitioner was called at
15 6:00 am and told the car was ready. There was also evidence that Petitioner called his neighbor
16 when he noticed that the gasoline gauge showed the tank was empty (the tank had been
17 disconnected and removed to make room for the hidden aliens). Petitioner testified that he
18 believed the explanation that the gauge simply did not work. Petitioner does not describe any
19 other calls or how they would have helped his case. The second contention is without merit.

20 The next contention is also conclusory and unsupported by any details or evidence.
21 Petitioner simply asserts that his lawyer was not able to "get enough evidence" and that he should
22 have mentioned that the minivan was not owned by the Petitioner. Yet, a review of the trial
23 transcript once again reveals that Petitioner himself testified to the fact that he did not own the
24 minivan. The third contention is without merit.

25 Petitioner received effective assistance of counsel. The jury simply did not believe
26 Petitioner's story. The § 2255 motion fails to satisfy the test ineffective assistance of counsel set
27 out in *Strickland v. Washington*, 466 U.S. 668 (1984).

28 Petitioner also takes issue with the sentence received. He argues that "even though the

1 | witnesses was (sic) on behalf of Mr. Caucedo Virgen, the court still sentenced the defendant to 60
2 | months." Reviewing the case, it is clear that the 60-month sentence was a statutorily imposed
3 | minimum mandatory sentence. Therefore, this contention is also without merit.

## CONCLUSION

Petitioner's motion is denied. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

DATED: April 17, 2012

_____
Hon. Roger T. Benitez
United States District Judge